IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUEBEN SUMPTER JR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-385 |
| PENN PLAZA, | ) | |
| Defendant. | ) | |

**<u>Memorandum Opinion</u>**

CONTI, Chief District Judge

Pending before the court are plaintiff Rueben Sumpter Jr.'s ("plaintiff") motions for counsel and for extension of time to gather records. (ECF Nos. 5, 7.)[1] Plaintiff alleges that his rights under the Civil Rights Act of 1964 were violated by defendant Penn Plaza ("defendant"). Plaintiff specifically alleges that Penn Plaza engaged in housing discrimination. (ECF No. 3.) Plaintiff requests that the court assign counsel in light of the fact that plaintiff "cannot read or write" and has "other disabilities." (Id.) Plaintiff also requests that the court provide him with additional time to obtain information from staff members at Penn Plaza. For the following reasons, plaintiff's motions will be denied without prejudice.

### I. Motion to Appoint Counsel

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of

---

[1] Plaintiff filed two motions requesting the court to appoint counsel and provide him with an extension within four days of one another. These motions are substantively identical. The court will address both motions in this memorandum opinion.

28 U.S.C. § 1915(e)(1) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The court in Tabron acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id. at 157 n.7. The court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id. at 156. The court of appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id. at 157.

The court of appeals announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id. at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

A review of the complaint in light of the factors announced in Tabron reveals the following.

(1) plaintiff will likely be hampered in his ability to present his case due to his illiteracy and stated disabilities;

(2) given the limited pleadings, the court is not able to determine whether the particular legal issues are difficult;

(3) plaintiff demonstrated difficulties with respect to pursuing an adequate investigation of his claims due to his illiteracy and stated disabilities;

(4) plaintiff did not provide the court with evidence that he made an effort to retain counsel, including pro bono counsel, on his own behalf and that he was unsuccessful in this endeavor;

(4) plaintiff's claims do not appear to require extensive or complicated discovery;

(5) it is possible that this case will turn on credibility determinations; and

(6) it is unlikely that plaintiff's case requires the testimony of expert witnesses.

Plaintiff raises compelling arguments in support of his motion for counsel. The undersigned, however, has no authority to compel counsel to represent an indigent civil litigant. Accordingly, this court will deny defendant's motion for court appointed counsel at this time. The court recommends that plaintiff reach out to organizations that provide pro bono legal services, such as the Allegheny County Bar Foundation's Pro Bono Partnership or Neighborhood Legal Services Association, for assistance. If, after putting forth a sufficient effort, plaintiff is unsuccessful in retaining legal representation or information plaintiff may refile his motion for court-appointed counsel.

**II.    Motion for Extension of Time**

Plaintiff requests "that the Court give [him] more time to get the information from other staff members who had records, as well as all other records pertaining to the Penn Plaza Apartments that will help support [his] claim." (ECF No. 5, 7.) This request appears to be related to discovery. Given the early stages of these proceedings, this request is premature. The court will address the timing of discovery, as appropriate, at the case management conference. Plaintiff's motion for extension of time to obtain records will, therefore, be denied.

3

Date: June 1, 2017

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge